**Solomon v. Solomon**

*Gary Falatovich,* for plaintiff.
*Peter Troglio,* for defendant.

BLAHOVEC, *J.,* September 11, 1991—This matter is before the court for a hearing on a complaint for support filed by Carolyn Solomon, born December 31, 1972, against her father, Philip Solomon. From 1987 through May of 1991, Carolyn was in the custody of the Westmoreland County Children's Bureau at the Mars Home for Youth, Carolyn signed herself out of Children's Bureau custody because she wanted to "see what it would be like living with the mother," Earlene Mears in Ponte Vedra, Florida. At the time she left the Mars Home she was in the 11th grade which she subsequently completed in Florida. Defendant paid $115 per month child support while Carolyn was in agency custody. There is no dispute that he was current in his support payments.

Carolyn last had contact with her father around Christmas of 1990. She knows where her father lives but she has never gone to see him.

In early July or the end of June 1991, Carolyn left her mother's residence in Florida because her mother asked her to leave. Her mother told her to leave because she believed that at age 18, the child should be on her own.

When Carolyn returned to Pennsylvania, she did not go to her father's, but went to live with a friend Diane who she had met while in placement. Because the residents in that household were mostly drunk most of the time, she called her former foster mother, Vicki Crocker, who rescued her and took her in to her home with her family.

Vicki Crocker had been Carolyn's foster mother during a period when Philip's contact with his daughter was sought to be reestablished. The reconciliation effort was unsuccessful due in substantial part, in the opinion of Vicki Crocker, to the fact that Carolyn's mother spent about 13 years poisoning her daughter against her father. It should be noted that Philip's former counsel filed a motion to dismiss the support complaint for failure to join an indispensable party, Earlene Mears. The court denied the motion since it was clear that this court had no jurisdiction over the Florida resident. It should also be noted that Carolyn's counsel abandoned his efforts to seek support from mother in Florida because Florida law is clear that support for children stops at age 18, no matter what.

Carolyn is enrolled in 12th grade at Kiski Area High School. She has no plans to work during school and hopes to go on to college. No evidence was presented to establish her financial need. To the contrary Vicki Crocker testified she is financially able to care for Car-

olyn. Vicki further testified that there is no doubt in her mind that Carolyn could not make it on her own.

Philip resides in Jeannette with his mother. He retired on June 1, 1991, from General Motors at the age of 53 after 30 years with the company. His pension is $1,724.33 per month, so he clearly has the ability to pay support. On advice of his then-counsel, Philip stopped paying support on May 1, 1991. He did give his daughter $200 on July 24, 1991.

Philip made the offer in open court for Carolyn to come live with him. He is unwilling to voluntarily pay her support if she does not live with him. He is willing to care for her if she would consent to live with him. He believes that being retired he has the time, energy and patience to devote to her. Carolyn has told him she does not look at him as her father and never will. She told the court she lives with Vicki, her "dad Izzie" (Vicki's husband) and their children who she considers as siblings.

The central question in the case is whether the plaintiff is emancipated. It is clear that parents are liable for the support of their children who are unemancipated and 18 years of age or younger. 23 Pa.C.S. §4321(2). It is equally clear that a court shall not order either or both parents to pay for the support of child if the child is emancipated. 23 Pa.C.S. §4323(a). What is not clear is a precise definition of emancipation.

In *Maurer v. Maurer,* 382 Pa. Super. 468, 471, 555 A.2d 1294, 1297 (1989), Judge Tamilia stated that the criterion that is applicable in a support/educational situation is whether the child is dependent upon his parents for support or is independent of such needs. Testimony from Vicki Crocker established that since Carolyn moved in with her, all her needs have been met. The court noted in *Maurer* that "emancipation is a question

of fact to be determined by the circumstances presented in each case. For purposes of this case and support matters generally, dependency is the criterion and is less restrictive than the standards applied for purposes of receiving public assistance."

Under public assistance criteria, a child of 16 and over not living with the parents or under the parents' control, or minors married are considered emancipated. It should also be noted that a child may move in and out of emancipation and the mere fact that he at one time qualified as an emancipated minor, does not foreclose the divestiture of emancipation when circumstances change. *Maurer,* at 473, 555 A.2d at 1299.

In the present case, Carolyn is 18. She does have one year of high school to finish. Her mother in Florida basically threw her out at age 18. Under Florida law, mother has no enforceable legal duty to support Carolyn. Under the provisions of the Juvenile Act, 42 Pa.C.S. §6302, Carolyn had to be released from the custody of the Westmoreland County Children's Bureau from placement in the Mars Home because she was 18 since, as a child adjudicated dependent, she could only remain in placement beyond her 18th birthday if she had requested the court to retain jurisdiction. She did not do so and in effect became emancipated from agency custody. It was her sole choice to reside in the home of Vicki Crocker.

Philip wants Carolyn to come and live with him. He wants to be the father to her he was (at least in part) prevented from being by the actions of the mother. Vicki Crocker believes mother did all she could to poison the child against her father for about 13 years. Clearly every parent has a moral duty to assist their children to the extent of their ability to pay. Numerous parents provide financial assistance well beyond their children

attaining the age of majority. There is a clear difference however, between a moral duty and a legally enforceable duty.

A similar issue was addressed very recently by the Supreme Court of Pennsylvania in the case of *Oeler v. Oeler,* 527 Pa. 532, 594 A.2d 649 (1991). In that case, the child in question was 17 and had one more year of high school to complete. The child was in the custody of her mother, but the mother moved to Connecticut, leaving the child behind in Pennsylvania. Father advised the daughter she was welcome to reside with him in order to complete her last year of high school. Mother and daughter refused this offer and unilaterally set the child up in her own apartment.

The trial court concluded that the father had made his home available to his daughter and she had no justifiable reason for refusing to live with him, noting that mother and daughter unilaterally made alternate living arrangements without any consultation with the father. The trial court concluded that the child's action in refusing her father's offer prevented her from reaping any financial gains. On appeal, the Superior Court reversed, concluding that the duty of a parent to support his/her minor child is absolute and cannot be waived by the actions of the child.

The Supreme Court reversed the Superior Court and reinstated the trial court determination. As in the present case, Justice Zappala noted in *Oeler:*

"It is quite clear from reviewing this record that the father is not refusing to support his daughter. Rather he is refusing to allow his daughter to dictate the proper allocation of support monies. In other words, the father is willing to provide housing, food, clothing and an education for his daughter. The disagreement arises

because the child wants to reside under her own roof at father's expense."

If the Supreme Court of Pennsylvania has concluded that support need not be paid when a minor child refuses to live with a parent, it appears all the more clear that an adult child cannot compel a parent to pay for her support when she chooses not to reside with a parent who has offered his home. For that reason as well as for the reason that this court finds Carolyn to be emancipated, the following order is hereby entered.

## ORDER OF COURT

And now, September 11, 1991, after hearing, it is hereby ordered and decreed that the complaint for support filed on behalf of Carolyn Solomon, plaintiff herein, is dismissed.